UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COUNCIL BELLOMY,

    Plaintiff,

v.                                                   Civil Case No. 14-10389
                                                  Honorable Linda V. Parker

IDS PROPERTY CASUALTY
INSURANCE COMPANY,

    Defendant.
_____/

**OPINION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b)**

      Plaintiff, with the assistance of counsel, filed this lawsuit against Defendant on December 20, 2013, in the Circuit Court for Wayne County, Michigan. In his Complaint, Plaintiff alleges that Defendant breached the terms of an insurance policy when it failed to pay Plaintiff for loss claimed as a result of a fire. Defendant filed an Answer and Counter-Complaint against Plaintiff on January 27, 2014, and removed the matter to federal court on the basis of diversity jurisdiction on the same date. The lawsuit originally was assigned to the Honorable Gerald E. Rosen, but was reassigned to the undersigned on May 28, 2014 pursuant to Administrative Order 14-AO-030.

      This Court then scheduled the matter for a scheduling conference on June

23, 2014.  (ECF No. 5.)  The conference subsequently was rescheduled on two occasions, eventually set for July 10, 2014.  Prior to that date, however, Plaintiff's counsel filed a motion to withdraw, citing a breakdown in the attorney-client relationship.  (ECF No. 6.)  This Court referred the motion to Magistrate Judge Michael J. Hluchaniuk and cancelled the scheduling conference in the interim.  (ECF No. 7.)

On July 30, 2014, Magistrate Judge Hluchaniuk issued a notice, scheduling a telephonic hearing on Plaintiff's counsel's motion to withdraw for August 22, 2014, and directing counsel to serve a copy of the notice on her client.  (ECF No. 8.)   The notice informed Plaintiff that if he wished to participate in the telephonic hearing, he should notify his attorney at least three business days before the hearing date.  (*Id.*)  Plaintiff's counsel filed a certificate of service on July 31, 2014, reflecting service of the hearing notice on Plaintiff on that date.  (ECF No. 9.)

Magistrate Judge Hluchaniuk conducted the telephonic hearing on August 22, 2014.  Plaintiff's counsel and Defendant's counsel participated in the hearing; Plaintiff apparently did not.  (*See* ECF No. 10.)  During the hearing, the magistrate judge granted Plaintiff's counsel's motion.  This decision was reflected in an August 27, 2014 written order.  (*Id.*)  The order directed Plaintiff "to obtain new counsel by September 26, 2014, or be prepared to proceed in this matter without

counsel." (*Id.*) Magistrate Judge Hluchaniuk stayed the matter until September 26, 2014, to afford Plaintiff the opportunity to secure new counsel. (*Id.*) A copy of the decision was served on Plaintiff on August 27, 2014.

This Court lifted the stay on October 1, 2014. (ECF No. 11.) As of that date, no attorney had filed an appearance on Plaintiff's behalf. On the same date, the Court issued a notice directing the parties to appear for a telephonic status and scheduling conference at 10:00 a.m. on October 28, 2014. (ECF No. 12.) The notice directed the parties to participate by calling the Court's toll free conference line number and dialing the access code, which were included in the notice. (*Id.*) The Court's order lifting the stay and notice to appear were served on Plaintiff on October 1, 2014.

The Court conducted the telephonic status and scheduling conference on October 28, 2014. Plaintiff, however, failed to participate in the conference. Therefore, on the same date, the Court issued an order for Plaintiff to show cause, in writing, by November 12, 2014, as to why this action should not be dismissed due to his failure to appear. (ECF No. 13.) In the show cause order, the Court warned Plaintiff that the "[f]ailure to respond may result in dismissal of this action." (*Id.*)

As of this date, Plaintiff has not responded to the show cause order or

3

otherwise contacted the Court concerning this matter. For the reasons that follow, the Court therefore is dismissing his Complaint with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Under Rule 41(b), a federal court may sua sponte dismiss a lawsuit for failure to prosecute or comply with an order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir.1999)). All of the factors favor dismissal here.

In the Court's October 28, 2014 show cause order, Plaintiff was advised that his failure to timely respond might result in the dismissal of his Complaint. (ECF No. 13.) As Plaintiff failed to respond, the first and third factors weigh in favor of

4

dismissal.[1] As to the second factor, Defendant is prejudiced by having this action pending against it without it being advanced to a timely conclusion due to Plaintiff's apparent abandonment of his claims. Indeed, Plaintiff has completely failed to participate in these proceedings– failing to participate in the hearing on his former counsel's motion to withdraw, appear for the October 28, 2014 telephonic scheduling conference, and respond to the show cause order– all of which severely prejudices Defendant. Finally, given Plaintiff's failure to respond to the show cause order– coupled with his complete failure to participate in this litigation– the Court sees no utility in considering or imposing a lesser sanction. Thus, all of the factors weigh in favor of dismissal for failure to prosecute.

Undoubtedly "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a pro se litigant." *White v. Bouchard*, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). Nevertheless, the Sixth Circuit has found dismissal appropriate "when a pro se litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed,

---

[1] With respect to the first factor, it is not clear whether Plaintiff's failure to prosecute is due to willfulness, bad faith, or fault. Nevertheless, Defendant cannot be expected to defend an action which Plaintiff has apparently abandoned, not to mention the investment of time and resources expended to defend this case.

a sua sponte dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, 2008 WL 2216281, at *5 (citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)). Plaintiff's unresponsiveness to the Court's notices and orders indicates that he has abandoned his lawsuit. Thus, for the reasons discussed, the Court finds that Plaintiff has "engaged in a clear pattern of delay." Under these circumstances, dismissal is appropriate. *See* Fed. R. Civ. P. 41(b).

Accordingly,

**IT IS ORDERED**, that Plaintiff's Complaint against Defendant is **DISMISSED WITH PREJUDICE**.[2]

                                            S/ Linda V. Parker
                                            LINDA V. PARKER
                                            U.S. DISTRICT JUDGE

Dated: November 25, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 25, 2014, by electronic and/or U.S. First Class mail.

                                            S/ Richard Loury
                                            Case Manager

---

[2]Defendant's Counter-Complaint against Plaintiff remains pending. The Court leaves it to Defendant's discretion to decide how to proceed with its counter-claims against Plaintiff. **Defendant shall notify the Court within fourteen (14) days of this Opinion and Order as to how it plans to proceed**.